UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:15-cr-0001-JMS-MJD |
| ERIC SETTLES, | ) ) | - 01 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On September 18, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 23, 2018. Defendant Settles appeared in person with his appointed counsel Dominic Martin. The government appeared by Jeff Preston, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Settles of his rights and provided him with a copy of the petition. Defendant Settles orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Settles admitted violations 1, and 2. [Docket No. 38.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside in a residential reentry center for a term of 270 days."**<br><br>On May 16, 2018, staff at Volunteers of America attempted to collect a random urine drug screen from Eric Jones, however, he refused to submit a screen. Within two hours of his refusal, he absconded from VOA. The probation officer made many attempts to contact the offender through his cell phone and his family members, with no response from the offender to date. The offender's whereabouts are unknown.<br><br>In addition to absconding from VOA, the offender received six additional incident reports for various violations of facility rules: refusing a urine screen, smoking, possessing a smart phone and refusing to surrender this contraband, possession of cigarettes, and returning late from a pass. Additionally, the offender refused to pay subsistence to VOA on several occasions. |
| 2 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment. When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."**<br><br>On May 16, 2018, the offender absconded from his placement at Volunteers of America and failed to report a new residence to the probation office. On May 17, 2018, the offender failed to report to his employer, ALSCO, and was subsequently terminated on May 21, 2018. |

4. The government moved to dismiss violation 3 and the same granted.

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of three (3) months in the custody of the Bureau of Prisons with twenty-four (24) months of supervised release to follow including residing at the VOA for a period of ninety (90) days.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of three (3) months with twenty-four (24) months of supervised release to follow including residing at the VOA for a period of ninety (90) days. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled

devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

19. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment and substance abuse testing. The probation officer shall determine your ability to pay and any schedule of payment.

20. You shall reside in a residential reentry center for a term of 90 days. You shall abide by the rules and regulations of the facility.

Defendant reviewed conditions 1 through 20 and they were reviewed by Defendant with his attorney. Defendant, on the record, waived reading of conditions 1 through 20 of supervised release.

Defendant Settles is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 09/24/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal